# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8107 | **DATE** | 11/27/2001 |
| **CASE TITLE** | CH Robinson Co. vs. Southwestern Motor Transport | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. To avoid a patchwork pleading situation, Southwestern's entire Answer is stricken. Leave is of course granted to file a self-contained Amended Answer in this Court's chambers (with a copy to be transmitted to Robinson's counsel) on or before December 7, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 28 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 6 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 11/27/2001 date mailed notice | |
| SN | courtroom deputy's initials | 01 NOV 27 PM 3:22 Date/time received in central Clerk's Office | SN mailing deputy initials |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

C.H. ROBINSON COMPANY, etc., )
)
  Plaintiff, )
)
v. ) No. 01 C 8107
)
SOUTHWESTERN MOTOR TRANSPORT, INC., )
)
  Defendant. )

MEMORANDUM ORDER

Southwestern Motor Transport, Inc. ("Southwestern") has filed its Answer, including affirmative defenses ("ADs"), to the Carmack Amendment Complaint filed against it by C.H. Robinson Company ("Robinson") on its own behalf and as subrogee of A.L. Schutzman Co. Because of the noncompliance by Southwestern's counsel with some basic principles of federal pleading, this Court sua sponte strikes the Answer and grants leave to replead.

To begin with, Southwestern's counsel has ignored this District Court's LR 10.1, which requires every responsive pleading to precede each answering paragraph with a statement of the substance of the corresponding allegations by its adversary (the usual practice is to repeat the other party's allegation verbatim, then set out the answer). That has as its obvious goal the production of a self-contained pleading, so that both the pleader's adversary and the court can readily see just what is being admitted and what is not, rather than having to flip back and forth between two separate pleadings.

To turn to substantive problems, the first of those is posed by counsel's failure to follow the plain roadmap marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) for the disclaimer required before any pleader can get the benefit of a deemed denial--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Answer ¶¶1, 2, 5 and 11 contain that error, and they compound it by coupling their insufficient disclaimers with meaningless demands for "strict proof" (whatever that may be). All of those paragraphs are stricken.

Indeed, when Southwestern's counsel go back to the drawing board to cure those defects, they would also do well to consider (1) whether a bona fide disclaimer may be asserted as to Complaint ¶5's allegation of subject matter jurisdiction and (2) whether Complaint ¶12 can fairly be denied. In both of those respects, counsel are reminded of the objective good faith that is required of every pleader under Rule 11.

Finally, several of Southwestern's purported ADs are problematic, in part because of the type of deficiency referred to in App. ¶5 to State Farm. Here are the ADs that are questionable (or worse):

> 1. In AD 1, with Robinson's allegations credited as they must be for this purpose, Southwestern cannot claim that it owed no duty--the Carmack Amendment itself says

2

otherwise.

2. AD 5 sets up a straw man by asserting that Robinson's common law claims of negligence are preempted by the Carmack Amendment. As the Complaint reflects, both subject matter jurisdiction and Southwestern's asserted liability are predicated solely on the Carmack Amendment and not at all on common law negligence, so that AD 5 is totally frivolous.

3. AD 6, which is the legal equivalent of a Rule 12(b)(6) motion, is equally frivolous because (as stated earlier) the Complaint must be taken at face value.

4. Although AD 7 does set out defenses that fit within the scope of Rule 8(c), it does not suffice for Southwestern to state a barebones conclusion that refers to "the applicable statutes of limitation and repose." If Southwestern wants to avoid waiving any such defenses, its repleading must flesh out those contentions sufficiently to apprise both Robinson and this Court of just what it is Southwestern is relying on.

To avoid a patchwork pleading situation, Southwestern's entire Answer is stricken. Leave is of course granted to file a self-contained Amended Answer in this Court's chambers (with a copy to be transmitted to Robinson's counsel) on or before December 7, 2001.

Lastly, no charge is to be made to Southwestern by its counsel for the added work and expense incurred in correcting counsel's own errors. Southwestern's counsel are ordered to apprise their client to that effect by a letter accompanied by a copy of this opinion, with a copy of counsel's letter to be transmitted to this Court's chambers as an informational matter (not for filing).

                                          */s/ Milton I. Shadur*
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: November 27, 2001