Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8107 | **DATE** | 12/11/2001 |
| **CASE TITLE** | CH Robinson Co., etc. vs. Southwestern Motor Transport, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. This time Answer ¶¶ 1,2,5 and 11 are stricken without leave to replead, so that the corresponding allegations of the complaint are deemed admitted. Southwestern's counsel is also ordered to explain in open court at the time of the next status hearing just what accounts for such inattention on counsel's part-- and Southwestern is not to be billed for that Court appearance either.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 1 2 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/11/2001 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | DEC 12 PM 12:06 | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 19 2001

C.H. ROBINSON COMPANY, etc.,  )
                              )
                 Plaintiff,   )
                              )
v.                            )   No.  01 C 8107
                              )
SOUTHWESTERN MOTOR TRANSPORT, INC.,)
                              )
                 Defendant.   )

MEMORANDUM ORDER

This Court's November 27, 2001 memorandum order ("Order") spelled out in careful detail a whole series of difficulties with the Answer that had been filed by counsel for Southwestern Motor Transport, Inc. ("Southwestern"), with the opening paragraph of the Order having referred accurately to "the noncompliance by Southwestern's counsel with some basic principles of federal pleading." Now the same lawyer has filed an Amended Answer and Affirmative Defenses within the time frame that the Order had granted for that purpose--but the result is frankly appalling, as though English were not counsel's first language.

To begin with, Order at 2 had expressly pointed counsel to the correct way to comply with the requirements of the second sentence of Fed. R. Civ. P. ("Rule") 8(b), not only by referring to that sentence's unambiguous language but by citing to App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Yet counsel, heedless of those explicit references, has simply repeated the selfsame mistake. This time



Answer ¶¶1, 2, 5 and 11 are stricken <u>without</u> leave to replead, so that the corresponding allegations of the Complaint are deemed admitted.

In candor, it is hard to know just what kind of sanction ought to be devised for such downright carelessness. If committed by a gradeschooler, it could well occasion something along the lines of having to write "I will not violate Rule 8(b) again" one hundred times on a blackboard. Just what the equivalent might be for an adult escapes the imagination, but in this instance:

1. These provisions of the last paragraph of the Order (as to which Southwestern's counsel has not provided the required proof of compliance) apply this time around as well:

> Lastly, no charge is to be made to Southwestern by its counsel for the added work and expense incurred in correcting counsel's own errors. Southwestern's counsel are ordered to apprise their client to that effect by a letter accompanied by a copy of this opinion, with a copy of counsel's letter to be transmitted to this Court's chambers as an informational matter (not for filing).

2. Southwestern's counsel is also ordered to explain in open court at the time of the next status hearing (which is, fortuitously, already set to be held at 9 a.m. December 13, 2001) just what accounts for such inattention on counsel's part--and Southwestern is not to be billed for

2

that court appearance either.

                                             */s/ Milton I. Shadur*
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   December 11, 2001